**Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

Apr 30 2014, 6:43 am

CLERK
of the supreme court,
court of appeals and
tax court

APPELLANT PRO SE:

**TIMOTHY E. STROWMATT**
New Castle, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | | |
|---|---|---|
| TIMOTHY E. STROWMATT, | ) | |
| | ) | |
| Appellant-plaintiff, | ) | |
| | ) | |
| vs. | ) | No. 33A01-1310-PL-441 |
| | ) | |
| JENNIFER SMITH, | ) | |
| MATT PENTICUFF, | ) | |
| MISTY CECIL, | ) | |
| | ) | |
| Appellees-defendants. | ) | |

APPEAL FROM THE HENRY CIRCUIT COURT
The Honorable Kit C. Dean Crane, Judge
Cause No. 33C02-1307-PL-36

**April 30, 2014**

**MEMORANDUM DECISION – NOT FOR PUBLICATION**

**BAKER, Judge**

Appellant-plaintiff Timothy Strowmatt, a prisoner at the New Castle Correctional Facility (Facility), did not follow the statutory directives of Indiana Code section 33-37-3-3 when filing a civil rights action under 42 U.S.C. section 1983 against various members of the Facility's library (collectively, the Appellees). Because Strowmatt failed to comply with the statutory requirements regarding his trust fund account statements or the average monthly deposits that were made to his account, we affirm the trial court's dismissal of Strowmatt's civil rights complaint that he filed against the Appellees.

## FACTS[1]

On February 7, 2012, Strowmatt, an inmate at the Facility, filed a motion to correct an erroneous sentence, which the trial court later denied on September 11, 2012. Apparently, Strowmatt did not receive a copy of the order until October 1, 2012. Two days later, Strowmatt's "Request for use of Law Library" was forwarded to the Facility's law library, indicating that he had until October 5, 2012, to file his notice of appeal. Appellant's App. p. 8.

The Appellees denied Strowmatt access to the law library until October 9, 2012. As a result, Strowmatt contends that he was not able to file his Notice of Appeal within the time requirements. Strowmatt was also denied the opportunity to file a belated notice of appeal, and our Supreme Court denied transfer with regard to that decision.

---

[1] In light of the nature of these proceedings, this Court issued an Order on March 20, 2014, accepting the Attorney General's statement of non-involvement in this case. Thus, we recognize the State's indication that it did not intend to file an appellee's brief in this matter. We therefore proceed to decide the case on the merits absent an appellate brief from the Attorney General.

On July 15, 2013, Strowmatt filed a pro se civil rights complaint pursuant to 42 U.S.C. § 1983 against the Appellees, along with an appearance, and a partial filing fee of 20% of his "monthly average income," which purportedly amounted to $7.25. In part, Strowmatt alleged in his complaint that he was "denied access to the law library in a timely manner to meet the deadline date for filing [an] appeal pursuant to applicable law." Appellant's App. p. 17. Thus, Strowmatt alleged that he was entitled to damages for lost wages, punitive damages, and compensatory damages, totaling approximately $2.5 million, plus an injunction entitling offenders to access the "law library at the Facility within . . . 24 hours of the date/time that Notice of pending deadline has been received from an offender." Appellant's App. p. 18.

On August 2, 2013, the trial court entered an order noting that Strowmatt filed the above-mentioned documentation, and the $7.25 filing fee. The trial court observed that the amount paid might constitute 20% of Strowmatt's average monthly pay; however, "pursuant to I.C. 33-37-3-3, Petitioner 'shall pay a partial filing fee that is twenty percent (20%) of the greater of: (1) the average monthly deposits to the offender's account; or (2) the average monthly balance in the offender's account; for the six months immediately preceding the filing of the complaint or petition. However, the fee may not exceed the full statutory fee for the commencement of actions or proceedings.'" The trial court also specifically noted that "nowhere does the statute discuss average monthly pay." Rather, Indiana Code section 33-37-3-3 "average monthly deposits." Id. at 24. As a result, the

3

trial court allowed Strowmatt until September 16, 2013, to comply with the provisions of

Indiana Code section 33-37-3-3, or the cause would be dismissed.

The statute provides in its entirety that

(a) When an offender confined by the department of correction commences an action or a proceeding without paying fees or other court costs under section 2 of this chapter, the offender shall obtain from the appropriate official of the correctional facility or facilities at which the offender is or was confined a certified copy of the prisoner's trust fund account statement for the six (6) months immediately preceding submission of the complaint or petition. The offender shall file the trust fund account statement in addition to the statement required under section 2 of this chapter.

(b) The offender shall pay a partial filing fee that is twenty percent (20%) of the

greater of:

(1) the average monthly deposits to the offender's account; or

(2) the average monthly balance in the offender's account;

for the six (6) months immediately preceding the filing of the complaint or petition. However, the fee may not exceed the full statutory fee for the commencement of actions or proceedings.

. . .

(d) If the court approves the application to waive all fees, the court shall give written notice to the offender that all fees and costs relating to the filing and service will be waived. If the court denies the application to waive all fees, the court shall give written notice to the offender that the offender's case will be dismissed if the partial filing fee is not paid not later than forty-five (45) days after the date of the order, or within an additional period that the court may, upon request, allow. Process concerning the offender's case may not be served until the fee is paid.

I.C. § 33-37-3-3 (emphases added).

4

The trial court issued an additional order on August 19, 2013, which essentially repeated the language set forth in its earlier August order, and again made it clear that "nowhere does the statute mention or discuss 'average monthly income.'" Appellant's App. p. 45. It was again clarified that the statute references "average monthly deposits." Id. In response to this order, Strowmatt filed a purported "corrected motion to proceed in forma pauperis," and attached a "certification of offender trust account," indicating the total balance of that account as of July 1, 2013, rather than the average monthly balance in his account "for the six months immediately preceding the filing of the complaint or petition." Strowmatt also stated that he earned an "average monthly income of $36.04." Id.

On September 17, 2013, the trial court ordered the matter dismissed, and directed the clerk to return the $7.25 partial filing fee that Strowmatt had tendered with his complaint and other documents. The trial court observed that Strowmatt had incorrectly asserted that "average monthly income" is the same as "average monthly deposits." Appellant's App. p. 39. The trial court further noted that Strowmatt never provided a six-month listing of "debits and credits posted to [his] trust account" as he was required to do so. Id. Strowmatt now appeals.

DISCUSSION AND DECISION

Strowmatt contends that he was denied due process of law because Indiana Code section 33-37-3-3 does not state that he had to provide a six-month listing of the debits

5

and credits of his trust account, and the evidence established that he satisfied "all statutory requirements to proceed in forma pauperis." Appellant's Br. p. 5.

Contrary to Strowmatt's claims, a plain reading of Indiana Code section 33-37-3-3 provides that "the offender must file" a certified copy of his trust fund account statement "for the six months immediately preceding submission of the complaint or petition." Moreover, the trial court correctly pointed out that Strowmatt misconstrued the terms "average monthly income," and "average monthly deposits" as set forth in the statute. I.C. § 33-37-3-3(a). As a result, Strowmatt failed to comply with the statutory requirements, and we must conclude that the trial court properly dismissed his cause of action against the Appellees.

The judgment of the trial court is affirmed.

BARNES, J., and CRONE, J., concur.